MAX SHUMAN *v.* STANLEY N. BRAINARD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and DALY, Js.

Argued January 6—decided February 10, 1944.

*Edwin M. Ryan*, for the appellant (plaintiff).

*Leon A. Winslow*, for the appellees (named defendant et al.).

*Louis M. Schatz* and *John J. Burke*, for the appellees (defendants Grody).

JENNINGS, J. The plaintiff appeals from a judgment dismissing an appeal from the denial by the zoning board of appeals in East Hartford of his application for a certificate of approval to conduct a package store for the sale of liquor at 489 Main Street in that town. The finding is not attacked.

The plaintiff purchased a package store at 486 Main Street from Samuel Grody in 1937 and ran it as backer under a lease from Anna Grody. The lease expired on November 30, 1942, and the owner declined to renew. The plaintiff thereupon filed his application for a certificate of approval for a two and a half story frame building across the street at number 489 which he had purchased in 1941.

East Hartford adopted a general zoning ordinance in 1927 under which both of the described properties were in a business zone. In 1938 the zoning regulations were amended by limiting in certain respects the places in which liquor could be sold. Section 4 of this amendment reads as follows: "In a business or industrial zone no building or premises shall be used and no building shall be erected or structurally altered which is arranged or intended or designed to be used as a package store for sale of alcoholic beverages, or a drug store intending to sell liquor until a certificate of approval for such location shall have been issued by a majority vote of the Zoning Board of Appeals, after

public notice and hearing." This is the only provision applicable to a package store.

On November 2, 1942, a public hearing was held on the plaintiff's application, the stenographic record of which is made a part of the finding. The neighborhood is almost entirely residential. The plaintiff intends to remodel the first floor of the building at 489 Main Street at a cost of $1700 for use as a package store, but it is uncertain by reason of various federal regulations whether he can evict the tenant now in possession or purchase the necessary materials. On November 1, 1942, there were, in East Hartford, thirteen package store permittees, nine drug store permittees —both of which classes were permitted to sell all legal types of liquor—and twelve package store permittees allowed to sell beer only.

It appears from the proceedings before the zoning board that the plaintiff's application was opposed by Grody but that the board was not interested in the relations between the plaintiff and the defendants Mr. and Mrs. Grody. After further evidence, including opposition from a neighbor, and argument, the board went into executive session and one of the commissioners moved that the application be denied "as it would be detrimental to the surrounding property and is not to the best interests of the Town of East Hartford." The record recites that the application was unanimously denied upon the ground stated in the motion.

On these facts the trial court, which viewed the premises and received additional evidence at a hearing, concluded that the zoning board of appeals did not act arbitrarily or illegally in denying the plaintiff's application and that it gave no weight to the objection of a prospective competitor.

There is nothing in the facts found to invalidate

these conclusions and they support the judgment. The zoning ordinance quoted above gave the board a very wide discretion. When there is an appeal from such an administrative board, the question is whether it has acted arbitrarily, illegally or so unreasonably as to have abused its discretion. *Blake* v. *Board of Appeals,* 117 Conn. 527, 532, 169 Atl. 195. The exercise of a discretion similar to that accorded the board in this case was upheld in *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, 264, 22 Atl. (2d) 13. The vote of the board was based on "the best interests of the Town of East Hartford," and there is nothing in the finding requiring a ruling that the action was an abuse of discretion.

The plaintiff argues in his brief that there were only two possible bases for a denial of his application: (1) the objections of Grody, a potential competitor, and (2) the fact that Grody would have the right to continue a package store at 486 Main Street, with the result that there would be two package stores on Main Street in close proximity to each other. His contention is that since neither of these reasons is good in law the denial of the application was without any reasonable foundation and was therefore an abuse of discretion. Even if the plaintiff be right in his contention that the reasons enumerated by him were not sufficient to support the action of the board, his assumption that they were the only possible bases therefor is incorrect. It ignores the facts found: that the plaintiff had no suitable place ready and might not be able to procure one because of the difficulty of getting his tenant out and securing materials for alterations; the large number of existing outlets; the residential character of the neighborhood. It further appears that the plaintiff had expressed an intention to dispute Grody's right to terminate his possession of the

property at 486 Main Street and to continue to operate a package store therein for the duration of the war.

The trial court was not obliged in this case to reconstitute by evidence the proceedings before the board, a method discussed in *Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137. There was a complete stenographic record of the proceedings available and in evidence. Examination of this record, made a part of the finding, shows that the basic conclusion of the trial court that the board did not abuse its discretion was amply justified.

There is no error.

In this opinion the other judges concurred.