WILLIAM F. WATSON *v.* ROBERT HOWARD ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 9, 1951—decided January 15, 1952

*Maurice J. Buckley,* with whom were *Joseph T. Mc-Cue* and, on the brief, *Matthew E. Hanna,* for the appellant (plaintiff).

*Willard J. Overlock,* with whom, on the brief, was *Robert B. Devine,* for the appellees (defendants).

O'SULLIVAN, J. This action was treated by the court and the parties as one in the nature of an appeal by the plaintiff from an order of the zoning board of appeals of Norwalk. We shall treat it in the same manner. The court sustained the appeal but remanded

the matter to the board for another hearing. The plaintiff has appealed from the judgment.

The following facts are undisputed: On August 8, 1949, Walter B. Jackson applied to the zoning board of appeals of Norwalk for a certificate approving certain premises on Rowayton Avenue as a suitable place to operate a gasoline station. A public hearing on the application was held on September 1. At that time there was a vacancy in the board, and the evidence was submitted to the defendants Howard, Smith, Miklovich and Thomas, who then constituted the board's membership. The plaintiff, an owner of realty in Norwalk, was among those speaking against the application. At the conclusion of the hearing, the defendants just mentioned could not agree on what action the board should take. Two were in favor of and two were opposed to granting the application. Confronted by this situation, the board proposed that action should be postponed, that it should make its own inspection of the premises, and that it should render its decision at the next meeting, scheduled for September 15. On that date, the board again postponed the matter until the regular meeting of October 6.

On October 4, Lubert Riccio was appointed to fill the vacancy existing on the board, and he immediately took the oath of office. He attended the meeting of October 6. All five members were then present. When the Jackson application was taken up, it was granted by a vote of three to two, Riccio voting with the majority. He had previously read the minutes of the preceding meeting as they related to the application, and on October 5 he had visited the proposed location for the gasoline station to make his own personal observations. He did not, however, examine various letters and petitions which had been presented to the board on September 1.

The Court of Common Pleas, to which the plaintiff appealed, held that the action of the board was illegal on the ground that Riccio had no right to vote on the application. It sustained the plaintiff's appeal but adjudged that the matter be remanded to the board with direction to hold another full public hearing and to make a new finding of suitability or nonsuitability. The plaintiff has appealed to this court. His grievance is directed solely to that part of the judgment ordering a remand to the board for further proceedings.

The defendants have orally and by brief challenged the jurisdiction of this court on the ground that the judgment of the trial court was not a final one. A motion to erase is the technically proper means of presenting this question. *Klein* v. *Capitol National Bank & Trust Co.*, 124 Conn. 685, 686, 2 A. 2d 489; *Marcil* v. *A. H. Merriman & Sons, Inc.*, 115 Conn. 678, 682, 163 A. 411. Lack of jurisdiction may, however, be raised at any time and not necessarily through the formality of a motion to erase; *State* v. *Serkau*, 128 Conn. 153, 156, 20 A. 2d 725; *Equitable Trust Co.* v. *Plume*, 92 Conn. 649, 657, 103 A. 940; Maltbie, Conn. App. Proc., § 147; for the question must be disposed of, no matter in what form it is presented. Maltbie, op. cit., § 147; see *Young* v. *Polish Loan & Industrial Corporation*, 126 Conn. 714, 715, 11 A. 2d 395.

This court may entertain appeals only from final judgments. General Statutes § 8003. The test of finality is whether the rights of the parties are concluded so that further proceedings cannot affect them. *Northeastern Gas Transmission Co.* v. *Brush*, 138 Conn. 370, 84 A. 2d 681; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 A. 838. The judgment in question met that test. The rights of the parties, in so far as they were capable of being affected by any subsequent proceedings con-

nected with the matter then in court, were forever concluded. Nothing further remained to be decided by the court. The appeal was terminated. The issues which it presented were all resolved. If a new hearing should be held and if the board should again reach a conclusion adverse to the plaintiff, he would be required to institute a new appeal to the Court of Common Pleas. It follows from what we have said that the judgment was a final one from which an appeal to this court lies.

As previously stated, the plaintiff's grievance is addressed to that part of the judgment ordering a remand. The board is an administrative agency, acting, under the facts of this case, in a quasi-judicial capacity. *Burr* v. *Rago,* 120 Conn. 287, 292, 180 A. 444. Its authority to issue a certificate of approval of premises suitable for the sale of gasoline is found in § 2538 of the General Statutes. Section 2539 provides for a hearing on the application. It is a requisite of such a hearing that the board members making the decision consider and appraise the evidence. "The 'hearing' is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations. . . ." *Morgan* v. *United States,* 298 U. S. 468, 480, 56 S. Ct. 906, 80 L. Ed. 1288. It is obvious that Riccio was not in a position to vote lawfully on the Jackson application. Not only did he not attend the hearing of September 1 but he was not even a member of the board at that time. He did not receive the benefit which the evidence and the arguments might have provided, nor did his subsequent efforts to acquaint himself with the facts overcome the handicap to which he was subjected. It appears that he did not examine all of the evidence presented to the other members.

The court properly ruled that his vote was unlawful and that the action of the board in granting the Jackson application was illegal.

The court, however, did not stop with such an adjudication. It proceeded to remand the matter to the board "with the direction that a full public hearing be held after proper notice, and a new finding of suitability or non-suitability be made." The plaintiff's right to a judicial review was afforded by § 2541 of the General Statutes.[1] Even if we assume that the court had authority, either under that statute or from some other source, to remand within proper limits, the directive which the court issued went beyond those limits. It encroached upon the administrative function of government. See *Ford Motor Co.* v. *National Labor Relations Board,* 305 U. S. 364, 374, 59 S. Ct. 301, 83 L. Ed. 221. The effect of the judgment was to impose the judicial will upon an administrative board. The appeal called upon the court merely to test the action of the defendants in voting to issue a certificate of approval on Jackson's application. The controlling question was whether they acted illegally or arbitrarily or so unreasonably as to have abused their discretion. *Shuman* v. *Brainard,* 130 Conn. 564, 567, 36 A. 2d 113; *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 281, 27 A. 2d 389; *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 57, 198 A. 173; *Piccolo* v. *West Haven,* 120 Conn. 449, 453, 181 A. 615; *Blake* v. *Board of Appeals,* 117 Conn. 527, 532, 169 A. 195; *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 135, 154 A. 343. Their action was clearly illegal since it reflected Riccio's

---

[1] General Statutes, § 2541, provides: "Any person aggrieved by the performance of any act provided for in sections 2536 to 2540, inclusive, by such . . . board of appeals . . . may take an appeal therefrom to the court of common pleas . . . in the same manner as is provided for in other civil actions." Compare § 844.

vote. The court should have gone no further, how-
ever, than to sustain the appeal. It could not recan-
vass the vote, as the plaintiff seeks to have us direct it
to do, and then declare that, with Riccio's vote dis-
carded as a nullity, the result was a tie and hence the
equivalent of a denial of the application. Nor, under
the unusual circumstances of this case, is there any
warrant in law for the remand directing the defend-
ants to hold a further public hearing. Whether an
effort should be made to dispose of the Jackson applica-
tion by the four members to whom it was originally
presented, or whether the entire board should hold a
further hearing for Riccio's benefit, or whether it should
suggest that a new application be filed by Jackson, to
avoid any claim of illegality in the proceeding, pre-
sents an administrative and not a judicial question. In
directing the defendants to pursue the course which it
selected, the court erred. The situation is unlike that
in a recently decided case, *Executive Television Corpo-
ration* v. *Zoning Board of Appeals*, 138 Conn. 452, 457,
85 A. 2d 904. In that case, there was, as a matter of law,
but a single conclusion which the defendant board
could reasonably reach. Whenever that occurs, the
court may direct the administrative agency to do or to
refrain from doing what the conclusion legally requires.

There is error, the judgment is set aside and the case
is remanded with direction to render judgment sustain-
ing the appeal.

In this opinion the other judges concurred.