ESTHER BOGUE *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 14, 1973—decided January 15, 1974

*Lawrence J. Carboni,* for the appellant (defendant).

*Benson A. Snaider,* for the appellee (plaintiff).

HOUSE, C. J.  The plaintiff, Esther Bogue, is the owner of land bounded on the west by Whitney Avenue and on the south by Skiff Street in the town of

North Haven. The property is located in a CN-20 zone which is designated neighborhood commercial and which permits certain professional and business offices and other types of basic neighborhood stores and services but not restaurants. There are presently located on the property two small restaurants as nonconforming uses and a package store. Above these are an apartment and rented rooms in disrepair. The plaintiff applied to the zoning board of appeals for a variance to remove the existing structures and to construct a new restaurant which would eliminate the two detracting nonconforming uses and substitute therefor one nonconforming use which the plaintiff contended would enhance the character of the neighborhood.

The defendant zoning board of appeals denied the application for a variance, the record of the vote stating that "[t]he Board was of the opinion that the granting of this appeal would not be in the best interests of the neighborhood, since it is not a permitted use in a CN-20 zone." The plaintiff appealed to the Court of Common Pleas, where the appeal was sustained and the decision of the board was reversed. The court made no finding but did note in its memorandum of decision that the reason given by the board for its denial of the application for a variance was "improper and insufficient as a matter of law." This court granted certification, and the defendant board took the present appeal.

The defendant's sole assignment of error is that the Court of Common Pleas erred in failing "to remand the case to the defendant Board of Zoning Appeals to be proceeded with according to law." On the other hand, it is the plaintiff's contention that having sustained the appeal, the court "had no

power" to remand the case to the board for further proceedings, and that the sustaining of the appeal and reversal of the decision of the zoning board was tantamount to a judgment granting the variance sought. The plaintiff relies upon our decision in *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 271 A.2d 105, as authority for her position. That reliance is misplaced.

Section 11.6.3 of the zoning regulations of the town of North Haven[1] specifies the circumstances in which the zoning board of appeals may grant a variance. They are, in substance, the same as those specified in § 8-6 (3) of the General Statutes. Section 8-7 of the General Statutes provides that whenever a zoning board of appeals grants or denies a variance it shall state upon its records the reason for its decision. On an appeal from the board's decision "[t]he court's functions were limited to a determination whether the board had, as alleged on the appeal, acted illegally, arbitrarily and in abuse of the discretion vested in it. *Verney* v. *Planning & Zoning Board of Appeals,* 151 Conn. 578, 580, 200 A.2d 714; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 30, 147 A.2d 197; *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 326, 122 A.2d 303." *Jenkins* v. *Zoning Board of Appeals,* 162 Conn. 621, 623, 295 A.2d 556.

---

[1] Section 11.6.3 of the North Haven zoning regulations allows the zoning board of appeals to "vary the applications of the Zoning Regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."

In the present case, the plaintiff expressly alleged that the defendant board had acted "arbitrarily, illegally, erroneously and in abuse of the discretion vested in it" and by way of specific relief, prayed that the order of the defendant board denying her application for a variance "may be ordered reversed and that the Board be directed to enter an order granting the variance prayed for." As we have noted, the judgment of the court found the issues for the plaintiff, sustained the appeal and directed that the decision of the defendant board be reversed but it did not grant the plaintiff's request for an order directing that the board grant the variance prayed for. The narrow issue before us, therefore, is the effect of the court's judgment and whether the court was in error in not remanding the case to the defendant zoning board of appeals "to be proceeded with according to law."

It is true that when on a zoning appeal it appears that as a matter of law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires. *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67; *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904; *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 623, 53 A.2d 659; *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 A.2d 151; see *Walker* v. *Jankura,* 162 Conn. 482, 491, 294 A.2d 536. In the absence of such circumstances, however, the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the

appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority. *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497; *Watson* v. *Howard,* supra, 469, 470. For the plaintiff in the present case to obtain the variance which she sought, it was necessary for her affirmatively to establish that the granting of the variance was permitted under the provisions of the governing zoning regulations. As we have noted (see footnote 1, supra), it was incumbent upon her to prove that owing to conditions especially affecting her property but not affecting generally the district in which it is situated, a literal enforcement of the zoning regulations would result in exceptional difficulty or unusual hardship and, in addition, that the granting of the variance would do substantial justice and secure the public safety and welfare. See *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A.2d 828; "The Connecticut Law of Zoning," 41 Conn. B.J., pp. 453, 462. There is nothing in the record in this case which would support a conclusion that the plaintiff had proved the existence of the conditions which would justify the defendant board in granting her a variance, much less which would have justified the court in granting the plaintiff's prayer that the court enter an order directing the defendant board to grant the variance. The court properly refrained from doing so. Its action in sustaining the appeal and not ordering a remand to the zoning authority with direction was in conformity with our rule as stated in *Watson* v. *Howard,* supra. The additional provision of the judgment that the decision of the zoning board of appeals was "reversed" added nothing

to the portion of the judgment which sustained the appeal since the sustaining of the appeal was in effect a reversal of the board's decision.

The plaintiff's reliance upon our decision in *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 271 A.2d 105, for support of her contention that the sustaining of the plaintiff's appeal had the effect of granting her application for a variance prompts us to discuss why that reliance is misplaced. Three companion cases were decided in one opinion styled generally under the name of *DeMaria* v. *Planning & Zoning Commission.* Without discussing in detail the complicated facts in those cases, it suffices to note that they concerned applications for a special permit to erect apartment houses in a district where the zoning regulations permitted the erection of 375 units, applications for which were to be considered "in the order in which they are filed." DeMaria applied for a permit to erect apartments which would exhaust the number of units permitted in the district. His application was rejected on the sole ground that the planning and zoning commission considered his proposed apartment complex to be aesthetically displeasing. While his appeal from this decision was pending, the commission granted a permit for apartments to a later applicant which permit substantially exhausted the number of permissible units and, if allowed to take precedence over DeMaria's earlier application then under consideration on appeal, would nullify the effect of a successful appeal by DeMaria. This court found error in the judgment of the Court of Common Pleas which dismissed DeMaria's appeal and, in accordance with the general rule as enunciated in *Watson* v. *Howard,* supra, approved in the present case, set aside the judgment and remanded

the case to the Court of Common Pleas with direction to sustain his appeal. Having decided the merits of the appeal in that first case, we noted that that decision obviated any extended discussion of the two companion cases; *DeMaria* v. *Planning & Zoning Commission,* supra, 542; in which the defendant commission had admitted that DeMaria's application conformed to the requirements for the issuance of the permit which he sought. At argument, counsel conceded that a decision sustaining DeMaria's appeal in the first case would render moot the appeals in the remaining two companion cases and, accordingly, they were dismissed as moot. Id., 543. The *DeMaria* case does not support the plaintiff's contention that the judgment of the Court of Common Pleas sustaining the plaintiff's appeal and reversing the decision of the zoning board had the effect of granting to the plaintiff the variance which she sought and it did not have that effect. Nor did the court err in not remanding the case to the zoning board of appeals with direction as to what it should do. "The action of the court in sustaining the appeal . . . instead of ordering a remand to the zoning authority with direction, was in conformity with our rule as stated in *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67." *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497. Once the appeal was sustained, it was, of course, the duty of the defendant board to proceed according to law whether or not the court specifically directed that it do so. The court did not err in not directing that the defendant should proceed according to law.

There is no error.

In this opinion the other judges concurred.