[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision by the defendant, the Connecticut Indian Affairs Council (hereinafter CIAC or council), declaring that the Paucatuck Eastern Pequot Indians' seat on said council was vacant, that the present tribal government would not be recognized, that the defendant council would determine the eligibility criteria for members of said tribe and that there was no prevailing practice and usage concerning membership in the Paucatuck Eastern Pequot Tribe which is equitably and justly administered. Said appeal came before this court on January 24, 1984 and thence to a later date when the parties appeared and were at issue. The court, having heard the parties, found that none of the plaintiffs had standing to bring this appeal and thereupon (Clark, J.) ordered the decision of the agency to be affirmed.
The matter was then appealed to the Connecticut Appellate Court which, on March 28, 1989, rendered a decision finding error, setting aside the judgment and remanding same for further proceedings according to law. Paucatuck Eastern Pequot Indians et al. v. Connecticut Indian Affairs Council et al., 18 Conn. App. 4. That court held that the individual CT Page 3579 plaintiffs had a legally protected interest (tribal membership status) which had been adversely affected since the Indian Affairs Council decision had the effect of stripping them of that status, and thus they had standing to appeal from the council's decision. That court also held that the named plaintiff, Paucatuck Eastern Pequot Indians, had standing to appeal since the relief requested did not require the participation of the individual members and the interests sought to be protected (tribal membership and the named plaintiff's seat on the council) were germane to the tribe's organizational purpose. The case was remanded to this court, placed on the administrative appeal docket and came in due course for argument before this court, Hale, J., on June 18, 1990.
The plaintiff's petition for appeal seeks a decision by the court reversing the council's decision and declaring said decision null and void. At the administrative appeal hearing, the plaintiffs further requested that the court issue a decision returning the parties to the status quo; i.e., reinstate the plaintiffs' seat on the council.
Prior to the June 18, 1990 hearing, the CIAC, a principal defendant in this appeal, filed a substitute brief dated January 5, 1990 confessing error and urging this court to sustain the plaintiffs' appeal. The council based its change in attitude upon further review of its position, review of the record in this case and the impact of recent sweeping changes effected by the passage ofPublic Act 89-368, 18 and 19, which substantially altered the CIAC's ability to claim any further jurisdictional competence over issues of tribal leadership and membership. The council maintained that reversible error was committed at the hearings before it, that it did not make all necessary preliminary findings in 1983 prior to ruling on the defendant Eastern Pequot Indians' challenge to Paucatuck Eastern Pequot's seat on the council and that it did not give adequate notice of the 1983 public hearings.
On June 15, 1990 defendants Roy Sebastian and Eastern Pequot Indians of Connecticut filed a Motion to Dismiss for mootness. The defendants urge this court to dismiss this appeal on the ground that the issues raised in this appeal are moot because of the passage, effective October 1, 1989, of Public Act 89-368 which repealed Section 47-59a and amended Section 47-59b, C.G.S. These sections rescinded the authority of the Connecticut Indian Affairs Council to resolve tribal leadership and membership disputes, such as the dispute which is the subject of this appeal and established new rules for the resolution of such disputes. These sections CT Page 3580 also recognized the power of the Connecticut tribes to determine tribal membership and leadership. Among other things, the defendants cite the recent decision of the Connecticut Appellate Court in Schaghticoke Indians of Kent, Connecticut, Inc., v. Chief Potter, et al., 22 CA 229. They note that in that case a petition for certification to the Supreme Court has been granted limited to the following issues: (1) Do the Connecticut courts have civil jurisdiction over the State indian tribes and reservations? (2) Does the State, as intervenor, have the right to appeal an indian tribal dispute?
In addition to the motion to dismiss for mootness, the defendants, Sebastian and Eastern Pequot, filed a "responsive brief and memorandum of law" addressing the original appeal, the CIAC changes of position and the Motion to Dismiss. The defendants maintain that the plaintiffs and CIAC have failed to attack the December 3, 1983 decision of the council on its merits but instead have relied solely on alleged procedural errors, have demonstrated no prejudice from same and have not argued that the facts unanimously agreed upon by the council who heard the challenge are not supported by the evidence. Plaintiffs have not filed a memorandum of law in opposition to the motion to dismiss.
The motion to dismiss raises the question of jurisdiction. "It is familiar learning that mootness is jurisdictional." State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,181 (1987). Thus, a claim that is moot is properly subject to a motion to dismiss. See Hartford Principals' and Supervisors' Association v. Shedd, 202 Conn. 492, 497-98
(1987). "The term `mootness' . . . typically applies to a situation where, during the pendency of an appeal, events have occurred that make an appeals court incapable of granting practical relief through a disposition on the merits." Tippets, 204 Conn. 181.
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed on before it `can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction.' [Citations omitted.]" Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297-98 (1982), quoting Woodmont Association v. Milford, 85 Conn. 517, 524
(1912).
The present appeal is governed by the provisions of the Uniform Administrative Procedures Act, Conn. Gen. Stats.4-166 et seq. Hopkins v. Pac, 180 Conn. 474, 480 (1980). Because the administrative proceedings that are the subject of this appeal were commenced before July 1, 1989, the UAPA, CT Page 3581 as it existed before its amendment by Public Act 88-317, governs the instant appeal. See Campion Ambulance Service, Inc. v. Adams, 1 CTLR 337, 338 (May 31, 1990, Ripley, J.).
Conn. Gen. Stats. 4-183 (9) defines the court's scope of review of an agency's action and provides:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In Watson v. Howard, 138 Conn. 464, 469 (1952), the Supreme Court discussed the court's scope of review of an agency's action. The court concluded that the controlling question on appeal from an agency's decision is whether the board or agency "acted illegally or arbitrarily or so unreasonably as to have abused [its] discretion." Id. at 469. If the court finds that the agency acted illegally, arbitrarily or in abuse of its discretion, the court should go no further than to sustain the appeal. Id. at 470. A decision sustaining the appeal is, in effect, a reversal of the board or agency's decision. Bogue v. ZBA, 165 Conn. 749, 755 (1974). The court, however, cannot direct the board or agency to pursue a course of action. Id. Only where, as a matter of law, there is but a single conclusion that the defendant board can reach, may the court "direct the administrative agency to do or to refrain from doing what the conclusion legally requires." Id. Once the court sustains the appeal, however, it is the "duty of the defendant board to proceed according to law whether or not the court specifically requested it to do so." Bogue v. Zoning Board of Appeals, 165 Conn. 749, 756 (1974).
In the present appeal, the statute under which the CIAC was acting in 1983, Conn. Gen. Stats. 47-59a et seq., has been substantially altered by Public Act 89-368. One of the changes effected by Public Act 89-368 is that effective CT Page 3582 October 1, 1989, the CIAC no longer has authority to determine leadership and membership disputes; disputes concerning tribal membership and leadership may now be settled by a council distinct ft from the CIAC.Public Act 89-368, Section 19(b) specifically provides:
 A membership dispute shall be resolved in accordance with tribal usage and practice. Upon request of a party to a dispute, the dispute may be settled by a council. Each party to the dispute shall appoint a member of the council and the parties shall jointly appoint one or two additional members provided the numbers of members of the council shall be an odd number. If the parties cannot agree on any joint appointment, the governor shall appoint such member who shall be a person knowledgeable in Indian affairs. The decision of the council shall be final on substantive issues but an appeal may be taken to the superior court to determine if membership rules filed in the office of the secretary of the state pursuant to this section have been followed. If the court finds that the dispute was not resolved in accordance with the provisions of the written description, it shall remand the matter with instructions to reinstitute proceedings, in accordance with such provisions.
Defendants Sebastian and Eastern Pequot Indians argue in their motion to dismiss that the present appeal is moot because the CIAC no longer has the authority to decide leadership and membership disputes, the resolution of which is essential to the determination of the actual issue; i.e., representation on the CIAC. In its substitute brief dated January 5, 1990, the CIAC concedes thatPublic Act 89-368 "explicitly relieves the CIAC of its authority to make determinations about tribal membership, a power directly related to the CIAC's ability to resolve this case." (CIAC brief, p. 5, note 4).
At the administrative appeal hearing before this court, the plaintiffs argued in opposition to the motion to dismiss that their appeal is not moot because if the court chose to sustain their appeal, it would return the parties to the "status quo" and reinstate the plaintiffs' seat on the CIAC. It is the opinion of this court that pursuant to Watson v. Howard, 138 Conn. 464 (1952) and Bogue v. Zoning Board of Appeals, 165 Conn. 749, (1974), the plaintiffs' argument is erroneous since such action by the court would exceed the court's scope of review over the CIAC's decision. Because CT Page 3583 the CIAC no longer has the authority to decide issues central to this appeal, there is no practical relief that would follow if the court elected to sustain the appeal. Therefore, the court finds that the plaintiffs' appeal is moot and, accordingly, the motion to dismiss, filed by defendants Sebastian and Eastern Pequot Indians, is granted.
HALE, J.