[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of a decision of the defendant, the Board of Zoning Appeals of the Town of Stratford (hereinafter "board"), commenced under General Statutes 8-8(b) by the plaintiffs, Peter Fedorko and William Fedorko (hereinafter "plaintiffs").
The plaintiffs are the record owners of a parcel known as lot 353, Van Rensselaer Avenue, in Stratford. (Return of Record (hereinafter "ROR") 15, copy of quit claim deed, recorded April 18, 1985). The subject property is located in an RM-1 zone. (ROR 20, Transcript of November 7, 1991, Public Hearing).
The RM-1 zones, defined as "Two-Family Districts", allow "[a]ny use permitted in a single-family RS District," as well as "[d]welling[s] for not more than two families provided the lot area per family dwelling unit is equal to 3,750 square feet." (ROR 22, Zoning Regulations of the Town of Stratford, 5.1.1. and 5.1.2).
The subject parcel is rectangular in shape, with a width of 50 feet and a depth of 150 feet. (ROR 2, plot plan of property, dated August 26, 1991). The zoning regulations require a minimum lot area of 7,500 feet, a minimum lot depth of 100 feet, and a minimum lot width of 60 feet in order to build. (ROR 22, 5.2). The subject property is in conformity with all of the requirements, except the lot width requirement. (ROR 2, ROR 22, 5.2).
On September 10 1991, the contract purchaser of the subject property, Edward F. Mackowski, (hereinafter "applicant") submitted to the board an application for a variance from the lot width requirement in order to construct a two family dwelling.[1] (ROR 1, Petition for Variance, dated September 10, 1991). In claiming a hardship, the applicant stated that the subject property "is a pre-existing, non-conforming lot with no other practical use." (ROR 1).
A duly noticed public hearing was commenced on November 7, 1991, at which the board considered the variance petition. (ROR CT Page 9 20; ROR 5, Copy of Legal Notice and Certificate of Publication in the Bridgeport Post, dated October 26, 1991 and October 31, 1991). At the hearing, the applicant presented evidence and testimony indicating that the subject parcel was created by a subdivision made in 1896, and that the Town of Stratford adopted zoning regulations in 1927. (ROR 20, p. 5; ROR 10, subdivision map (#197), filed August 18, 1896). The applicant argued that because the subdivision pre-dated the adoption of zoning, a hardship existed and the board should therefore grant the variance. (ROR 20, pp. 6-7) In support of his petition, the applicant submitted photographs of existing two family dwellings on Van Rensselaer Avenue, situated on lots having the same width as the subject property. (ROR 20, pp. 3-4; ROR 17, photographs of neighborhood).
Two residents of the area, as well as the owner of a business located next to the subject property, spoke in opposition to the petition. (ROR 20, pp. 7-13). They voiced concerns regarding increased traffic, availability of on-street parking, and the possibility of decreased water pressure. (ROR 20, pp 7-13). A petition signed by seventeen residents of the area in opposition to the variance was submitted to the board at the hearing.[2] (ROR 20, p. 11; ROR 19, petition opposing variance application).
At the conclusion of the public hearing, the board went into administrative session, and voted on the petition. (ROR 21, minutes of Board of Zoning Appeals administrative session, dated November 7, 1991). The board voted to deny the variance petition, with three members voting against the petition and two members voting in favor. (ROR 21). Those members voting against the petition stated as their reason that "[a] two family is too intense a use but these members of the Board felt that they could favorably entertain a petition for a one-family dwelling." (ROR 21).
The plaintiffs filed this appeal of the board's decision in the Superior Court on November 27, 1991. In their complaint, the plaintiffs claim that the board acted illegally, arbitrarily and in abuse of its discretion in that:
 1. It failed to state its reason(s) for such denial as required by General Statutes 8-7.
2. It totally and willfully disregarded the evidence before CT Page 10 it.
 3. It denied the application in the absence of sufficient supportive evidence presented in opposition to the petition.
 4. It denied the petition despite the existence of a hardship.
 5. It denied the petition despite the fact that it was in accordance with the comprehensive plan of development of the Town of Stratford.
 6. The members voting against the petition pre-judged the petition.
 7. The denial of the petition was confiscatory in nature and constituted a taking without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 11
of the Connecticut Constitution.
(Plaintiff's Complaint, paragraph five). Both sides filed briefs in support of their respective positions. A hearing was held before the court on October 29, 1992.
"The question of aggrievement is essentially one of standing." Dibonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 588 A.2d 244 (1991). Aggrievement is a statutory prerequisite to maintaining an appeal. Smith v. Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). The owner of property that is the subject of an agency's decision is considered aggrieved and is entitled to maintain an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39
(1968).
At the public hearing, a copy of the plaintiffs' deed to the subject property was submitted to the board. (ROR 15). At the hearing before the court, William Fedorko testified that he and Peter Fedorko are the owners of the subject property. These facts clearly establish the plaintiffs' ownership of the subject parcel. The plaintiffs are aggrieved and are entitled to bring this appeal.
An aggrieved party may take an appeal to the Superior Court CT Page 11 "within fifteen days from the date when notice of such decision was published." General Statutes 8-8(b). In the instant case, notice of the board's decision was published in the Bridgeport Post on November 14, 1991. (ROR 6, Legal Notice and Certificate of Publication in the Bridgeport Post, dated November 14, 1991). The plaintiffs commenced this appeal by service of process upon June Grace, Assistant Town Clerk, Gary Lorentson, Planning and Zoning Administrator, William Cabral, chairman of the Board of Zoning Appeals, and Shirley Piccirillo, member of the Board of Zoning Appeals, on November 26, 1991. (See Sheriff's Return, dated November 26, 1991). The plaintiffs' appeal is timely.
A zoning authority "is endowed with a liberal discretion, and its action is subject to review by the court only to determine whether it was unreasonable, arbitrary or illegal." Schwartz v. Planning and Zoning Commission, 208 Conn. 146 152,543 A.2d 1339 (1988). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." Id. The plaintiff has the burden of proving that the Commission acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707,535 A.2d 799 (1988).
In their brief and at the hearing before the court, the plaintiffs advanced two arguments in support of this appeal: (1) the board acted illegally, arbitrarily and in abuse of its discretion in that the reason it gave for denying the petition is not supported by the zoning regulations or the record; and (2) the plaintiffs have demonstrated a hardship which is not self-created.
The board's reason for denying the petition makes no mention of the absence or presence of a hardship. (See ROR 21). Therefore, because a court "`should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision,'" Marmah, Inc. v. Greenwich, 176 Conn. 116, 120, 405 A.2d 63 (1978), the court should not consider the plaintiffs' arguments concerning hardship.
Regarding those allegations presented in the plaintiffs' CT Page 12 complaint that were not argued in their brief, it is well settled that issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311 (1987); Shaw v. Planning Commission, 5 Conn. App. 520, 525, 500 A.2d 1338
(1985).
"`A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations.'" (Citations omitted.) Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445, 589 A.2d 1229 (1991). According to General Statutes 8-6(3) "the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Adolphson v. Zoning Board of Appeals, supra, 709.
As noted above the board stated as the reason for its denial of the petition that "[a] two family is too intense a use but these members of the Board felt that they could favorably entertain a petition for a one-family dwelling." (ROR 21). Section 5 of the Stratford zoning regulations imposes the same minimum lot size requirements for both one and two family dwellings. (ROR 22, 5.2). The only additional requirement that must be met in order to construct a two family house rather than a one family house is the requirement that "the lot area per family dwelling unit is equal to 3,750 square feet." (ROR 22, 5.1.2). The subject property has a total area of 7,500 square feet, and thus fulfills that requirement. (ROR 2.)
Therefore, the board's reason for denial is in derogation of the applicable zoning regulations, because if the requested variance were granted, the regulations would expressly permit the construction of a two family dwelling on the subject property. It is both illogical and contradictory for the board to state that a two family dwelling is "too intense" a use for a parcel that is located in a zone created for such a use and meets the minimum lot area requirements for that use. "`[E]very owner of property located in a town which has adopted zoning is entitled to be able to ascertain, with reasonable certainty, what uses he may legally make of any portion of his property.'" (Citation omitted.) Helbig v. Zoning Commission, 185 Conn. 294,308, 440 A.2d 940 (1981). However, "[s]uch nebulous terms as `intense' . . . have no legal definition and thus no legal merit CT Page 13 as administrative guidelines." Petrucci v. Zoning Commission of Stratford, Superior Court, judicial district of Fairfield at Brideport, Docket No. CV90 26 76 10S (March 7, 1991). Accordingly, the board acted illegally, arbitrarily and in abuse of its discretion in denying the petition for the stated reason. The appeal is sustained.
"When, on a zoning appeal, it appears that as a matter of law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires. Watson v. Howard, 138 Conn. 464, 470,86 A.2d 67 (1952); Executive Television Corporation v. Zoning Board of Appeals, 138 Conn. 452, 457, 85 A.2d 904 (1952); Bishop v. Board of Zoning Appeals, 133 Conn. 614, 623, 53 A.2d 659 (1947). In the absence of such circumstances, however, "the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority. Bogue v. Zoning Board of Appeals, 165 Conn. 749 753-54,345 A.2d 9 (1974); Guerriero v. Galasso, 144 Conn. 600, 608, 136 A.2d 497
(1957); Watson v. Howard supra 469-70. Thorne v. Zoning Commission 178 Conn. 198, 206 (1979).
The court does not honor the plaintiffs' request that it direct the board to grant the variance because it does not appear from the evidence contained in the record that "as a matter of law there was but a single conclusion which the zoning authority could reasonably reach." Thorne v. Zoning Commission,178 Conn. 198, 206, 423 A.2d 861 (1979).
BALLEN, JUDGE