[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. PROCEDURAL BACKGROUND
This is an appeal from a decision of the Woodbridge Zoning Board of Appeals in which the Board approved multiple variances authorizing the demolition of an existing 19th Century single family house situated on a nonconforming lot and allowing the applicant to erect a larger house elsewhere on the parcel.
FACTS
In April of 1994 the defendant Grante M. Johnstone acquired the title to 1192 Johnson Road, located in a Residence A zone in the Town of Woodbridge. The subject parcel contained 18,200 sq. ft. of land and a residence which was approximately 780 sq. ft.
Zoning Regulations became effective in Woodbridge on December 24, 1932. As amended from time to time, those Regulations now provide in Section 3.13 a minimum lot area of 65,000 sq. ft., together with certain minimum yard requirements and maximum building areas.
On June 17, 1994, Johnstone applied to the Board for the following variances from the bulk requirements of Section 3.13 of the Regulations: (1) Lot area variance to permit 18,248 sq. ft. where 65,000 sq. ft. are required by regulation; (2) street frontage variance to permit 119 ft. where 200 ft. are required; (3) front yard setback variance to permit 34 ft. where 75 ft. are required; and (4) setback from the center line of the road to permit a 65 ft. setback where a 115 ft. setback is required by CT Page 6010 regulation.
The new dwelling to be constructed on the site will contain 960 sq. ft. compared to the existing 780 sq. ft. nonconforming dwelling. The new building will also be located on a different portion of the premises in order to accommodate an expanded septic system.
II. AGGRIEVEMENT
The plaintiffs are the owners of property at 1196 Johnson Road. The plaintiffs' property directly abuts the land involved in the Board's decision. Accordingly, the plaintiffs are statutorily aggrieved.
DISCUSSION
The plaintiffs in their appeal set forth reasons (a) through (k) to set aside the actions of the Woodbridge Zoning Board of Appeals. The reasons stated by the plaintiffs include a number of substantive and procedural claims. However, in essence, the plaintiffs claim that there was no showing of hardship which would justify the expansion of the defendant's nonconforming use. Because the court agrees with the plaintiffs that there is no showing of hardship, the court finds the variance improper as a matter of law and accordingly sustains the appeal in this matter, and directs that the action of the ZBA in granting the application be overturned.
After a hearing, the Board granted the four requested variances and found that a hardship existed because the applicant could not renovate adequately without moving the house back from the road.
The court accepts the finding of the local agency that the premises in question were dilapidated and in need of repair. The court further finds that repair on the existing footprint of the house could be accomplished without the need for a variance. The Town, in its brief, states:
 "While there is no doubt that the applicant did not need to seek any variance if he had chosen to repair the existing house in the existing location, the change of location allowed by variances for the new house here CT Page 6011 violates no local regulation or state law." Brief of the defendant Zoning Board of Appeals for the Town of Woodbridge, dated February 17, 1995, at p. 21.
The court recognizes, as found by the Board, that if the applicant wishes to increase the size of his nonconforming structure and to move the location of the structure, then a variance is needed to construct a conforming septic system. It is true, as found by the Board, that if the enlargement and relocation is to be allowed, the septic system must comply with current Quinnipiack Valley Health District requirements. The real question which faced the Zoning Board of Appeals, and this court, is whether or not the existing house could be rehabilitated and reconstructed at its present location without conforming to existing septic system and Public Health Code requirements.
The environmental Health Regulations of the Quinnipiack Valley Health District pertain to alterations and additions to existing buildings and building lots. Those regulations provide in pertinent part:
 "No building permit shall be issued by any town or city that is a member of this Health District, for alterations or additions to existing buildings . . . on lots served by private potable, well water supplies and/or private subsurface sewerage disposal systems . . . unless a permit for such activity has been issued by this Health District and a copy of the same has been submitted to the appropriate building official." QVHD Regulations, H, Section I.
The question here is whether the rehabilitation or reconstruction of the existing house on the existing footprint constitutes an "addition" or "alteration". The QVHD has defined "addition" as "any change in an existing structure which would extend that structure laterally beyond its existing boundaries." An "alteration" is defined as "any physical change in an existing structure which would change the quantity and/or quality of the sewerage waste being generated in that structure."
A reconstruction of the existing house on the existing footprint, without enlarging or affecting the septic system, would not require a Health District permit because it is not an CT Page 6012 "addition" or "alteration" under the QVHD Regulations. There is no evidence in the record that the mere reconstruction of an existing house would affect the quantity and/or quality of sewerage waste created by the structure. Further, there is no finding that the home is currently uninhabitable or that the process of making it habitable would increase septic use. The Zoning Board of Appeals articulated its reason for granting the variance by stating:
 "[S]ince the rebuilding of the house was necessary or advisable by reason of structural repairs as well as health and safety improvements, the applicant would be better served by moving the house to a new location in accordance with his application." R. 33, Minutes of August 8, 1994 meeting.
The applicant has failed to show a hardship that would justify a 30% increase in building size and a relocation of the structure. There is no reason why the house cannot be rebuilt using the existing footprint to repair the structural defects.
No provision in the Public Health Code requires an upgrade of an existing septic system by the mere rehabilitation of an existing structure which it serves. Nothing in the Public Health Code mandates replacement of an existing system occasioned by an extensive rehabilitation of an existing house.
Although the project proposed by the owner would require an updated system and consequently a change in location of the structure, reconstruction using the same footprint would not require an updated system or relocation. Rebuilding or restoring the existing house at the same location can be performed in compliance with applicable codes. Since the rebuilding or restoring of the existing house and continued use can be accomplished without relocation or expansion in size, the court finds no showing of hardship and no variances required for the continued use as a nonconforming single family residence.
For a variance to be appropriate two conditions must be fulfilled. The variance must be shown not to affect substantially the comprehensive plan, and adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan.Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988). Further, to support a variance a hardship "must arise from a CT Page 6013 condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control. Haines v. ZoningBoard of Appeals, 26 Conn. App. 187 (1991). The applicant must bear the burden of demonstrating the existence of the hardship.Bogue v. Zoning Board of Appeals, 165 Conn. 749 (1974).
In the instant case the applicant proposed a project which expanded the existing dwelling and for that reason the local regulations would have required an updated septic system. This updated septic system could not be completed without relocating the house. However, if the applicant contented himself with simply rehabilitating the existing nonconforming structure, there was no need for an updated septic system and no requirement for a variance.
The appeal is sustained and the action of the defendant Board in granting the application is overturned.
THE COURT BY KEVIN E. BOOTH