[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
The plaintiff, Timberland Development Corporation, purchased CT Page 8860 an option to buy a parcel of land known as #495 Foxon Road for $25,000. This parcel is located in an R-3 zone. On February 12, 1988, the plaintiff submitted to the East Haven Planning Zoning Commission (EHPZC) a request for a consideration of a proposal for the establishment of a planned elderly facility district on this parcel. Filed with the EHPZC were tests, studies and plans, including a soil report, a traffic report, a wetlands permit and information respecting the expected monthly charges to be made to residents of the elderly care facility. On September 7, 1988, after public hearing the EHPZC denied the plaintiff's "zone change and special exception based on §§ 32.5.1, 32.5.3, 32.5.6 and 32.5.7 of the zoning regulations."
The plaintiff appealed to the Superior Court. On June 28, 1989, Judge Cretella sustained the plaintiff's appeal but denied the relief sought by the plaintiff, namely, that the court order that the plaintiff's application be approved. On September 11, 1989, the plaintiff filed a Motion in Aid of Judgment requesting that the court enter an order "directing the commission to decide the plaintiff's application on its merits in accordance with the Memorandum of Decision in the case and in accordance with the provisions of § 27 of the zoning regulations." October 2, 1989, the court denied the plaintiff's Motion in Aid of Judgment.
The plaintiff brought this action in three counts against the EHPZC and the individual defendants, Alfred Cronk, Frank Cappeloni, William Lockery, Anthony Bagnoli and Ronald Mazzucco. All of the individual defendants were members of the EHPZC at the time that the commission made its decision in this matter. The complaint is drawn in three counts. The First Count sounds in tortious interference with contractual relations. The Second Count sounds in negligence. The Third Count is brought pursuant to 42 U.S.C. § 1983.
The plaintiff, in its brief does not address nor support its first two counts. As they are not briefed, and as the plaintiff submits that the case is determined by the § 1983 claim, the court considers them abandoned. Thus, the court has considered only the procedural and substantive due process claims asserted by the plaintiff.
Summary judgment is appropriate when no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105 (1944). Here, the parties agree that no genuine issues of material fact exist, and that the CT Page 8861 constitutional issues will determine the plaintiff's case.
The plaintiff first asserts that its substantive due process rights were violated. These rights are determined by ascertaining whether or not the plaintiff had a clear entitlement to the board action it sought. Connecticut in accord with Second Circuit cases has abandoned the arbitrary and capricious standard in favor of this entitlement test. Carr v. Bridgewater, 224 Conn. 44 (1992);Red Maple Properties v. Zoning Commission, 222 Conn. 730 (1992).
Under the clear entitlement test, a plaintiff must have "either a certainty or a very strong likelihood that the application would have been granted." Carr, 224 Conn. at 51 citingYale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 59 (2d Cir. 1985.)
"The test must focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in the particular case. . . ."Red Maple Properties, supra at 739. "Even if, in a particular case, objective observers would estimate that the probability of issuance is extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally-protected property interest." Id. at 740. "The strong likelihood aspect of Yale Auto Parts comes into play only when the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured; and entitlement does not arise simply because it is likely that broad discretion will be favorably exercised." Id. "Because the focus of the inquiry is on the degree of discretion of the authority, the question of whether an applicant has a property interest is normally a matter of law for the trial court." Id.
In the present case, the plaintiff argues that it had clear entitlement to approval of its application for a special permit because the board was acting in an administrative capacity; the applicant had complied with regulations; and the board therefore had no discretion but to issue the permit.
The plaintiff relies heavily on Carr, supra for it is conceded here, as in Carr, that the board was acting in its administrative capacity and assumes therefore it had no independent discretion beyond determining whether the plan complied with the applicable regulations. Allied Plywood, Inc. v. Planning and ZoningCommission, 2 Conn. App. 506, 512 (1984) but see Barberino Realtyand Development Corp. v. Planning Zoning Commission, 222 Conn. 607
CT Page 8862 (1992). The plaintiff's analysis, equating the administrative function with a lack of discretion, in all cases, is more simple than the Carr court intended. The Carr court, at footnote 18 recognized that the entitlement inquiry in some cases will focus not on compliance, but on the language of the regulation, that is whether the regulations themselves give a degree of discretion to the zoning authority sufficient to defeat a constitutional entitlement.
Here the East Haven regulations contain language which grants the board discretion. In § 27.1.1 the regulations reserve the discretion to determine whether a development is consistent with the character of the Town and with the long range improvement of the neighborhood. Section 27.3.9 allows the board to make judgments about whether the plan is of such character as to cause undue traffic congestion, harmonize with the neighborhood, accomplished a transition to different areas in a way that will protect property values, and preserve and enhance the appearance and beauty of the community. It also allows for review of the layout and architectural design.
Thus the language of the East Haven regulations themselves gives a degree of discretion to the zoning authority sufficient to defeat a constitutional entitlement. This case, in that regard, is similar to Red Maple Properties, supra, where the regulations required the applicant to satisfy discretionary design review requirements. The plaintiff's substantive due process claim is defeated by the discretion given to the board by the regulations themselves.
The plaintiff also asserts that its right to procedural due process was violated by the defendants. It claims that because the first hearing was deficient (in light of the regulations applied in error), procedural due process requires a rehearing or reconsideration.
The record and documents provided by the parties indicate that the plaintiff was heard and was able to submit all its information to the board. It is true that the commission denied the application for inappropriate reasons. Indeed, the decision of the board was rejected in the appeal heard by the Superior Court. The plaintiff cites no law which stands for the proposition that an incorrect decision is the basis for a procedural due process claim. The result may have been deficient, but the hearing was adequate. (No evidence of intentional or conspiratorial activity on the part CT Page 8863 of the board has been introduced).
The plaintiff contends that subsequent to the Superior Court review procedural due process required a rehearing upon the plaintiff's request be letter, and relies on Bogue v. Zoning Boardof Appeals, 165 Conn. 749 (1974).
That this matter was not remanded by the Superior Court is clear from the record. In Bogue the Supreme Court held that unless "there was but a single conclusion which the zoning authority could reasonably reach . . . the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should to no further than to sustain the appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority." Id. at 753-54 (citations omitted).Bogue's dicta requiring that a board proceed in accordance with the law does not mean that it must as a matter of law, take action on its own initiative after a successful appeal to the Superior Court.
Here, the plaintiff, after the appeal mailed a letter requesting a rehearing. None was convened.
The plaintiff did not, as the regulations require in § 27 submit a formal petition for the establishment of a Planned Elderly Facilities District subsequent to the sustaining of the appeal by Judge Cretella.
Where a developer fails to properly submit applications as required by the applicable zoning regulations, the 65-day time period under § 8-7d never starts to run. There can be no procedural due process claim where the plaintiff has failed to initiate its application in accord with the law. Par Developers, Ltd v.Planning Zoning Commission, 37 Conn. App. 348 (1995).
The plaintiff cites no authority for the proposition that subsequent to the sustaining of an appeal in a land use case, a Planning and Zoning Commission is required to schedule an application rehearing without conformance to zoning regulations. Here, subsequent to the Superior Court's decision, the plaintiff did not comply with the procedures of § 27 of the East Haven zoning regulations respecting informal meetings and submissions of documents, and thus did not properly request a hearing nor submit CT Page 8864 an application. The plaintiff has failed to identify any violation of a right to a hearing to which it was entitled. Therefore, Timberland cannot claim that it was deprived of its procedural due rights.
In light of the foregoing, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted as to all counts.