[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO ENFORCE JUDGMENT
The underlying action is an appeal from the decision of the Commission granting Stevens' application to locate, maintain and conduct a crematory at Leete-Stevens Chapels in Enfield, Connecticut, pursuant to General Statues § 19a-320. On November 21, 2000 the appeal was sustained on the ground that "failure to publish notice constituted a jurisdictional defect." Urbanowicz v. Enfield Planning Zoning Commission, Superior Court, judicial district of New Britain at New Britain, Docket No. 492255 (November 21, 2000, Gallagher, J.). Based on this jurisdictional defect, the court held that the granting of Stevens' application by the Commission was void. Id. Because Stevens continues to operate the crematory, the plaintiffs filed a motion to enforce the November 21, 2000 judgment, seeking the court to order Stevens to cease operations of the crematory. Stevens filed an objection to the plaintiffs' motion.
"When an opponent of an application which was granted takes an appeal, the court simply sustains or dismisses the appeal." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) § 35.1, p. 214. The order sustaining the appeal "should not go further and give the agency direction how to proceed on the application because that is an encroachment upon administrative functions. . . . Where the appeal is sustained, it is the duty of the agency to proceed according to law even if not instructed how to proceed. . . ." Id., 215. If the agency had CT Page 9156 no jurisdiction to act on the application because the notice of the public hearing was defective, "the court could sustain the appeal and remand it to the agency to publish a proper notice and process the application." Id., 216. However, "once the appeal was sustained, it was, of course, the duty of the defendant board to proceed according to law whether or not the court specifically directed that it do so." Bogue v.Zoning Board of Appeals, 165 Conn. 749, 756, 345 A.2d 9 (1974).
The court cannot order the relief sought by the plaintiffs. The November 21, 2000 ruling simply voided the Commission's granting of Stevens' application to locate, maintain and conduct a crematory. The court does not have the authority to order Stevens to cease the operation of the crematory. Accordingly, the plaintiffs' motion is denied.
Elizabeth A. Gallagher, Judge.