CITY OF HARTFORD *v.* HARTFORD ELECTRIC LIGHT
COMPANY

CONNECTICUT CITIZEN ACTION GROUP ET AL. *v.*
CONNECTICUT LIGHT AND POWER COMPANY ET AL.

HARTFORD CONSUMER ACTIVISTS ASSOCIATION ET AL. *v.*
HARTFORD ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* HARTFORD
ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* CONNECTICUT
LIGHT AND POWER COMPANY ET AL.

LOISELLE, LONGO, RUBINOW, NARUK and HAMILL, Js.

Argued November 17—decision released November 17, 1976

*Palmer S. McGee, Jr.,* and *Michael F. Halloran,*
for the appellants (defendants).

*Robert S. Golden, Jr.,* assistant attorney general,
for the appellee (defendant Public Utilities Control
Authority).

*Alexander A. Goldfarb, Peter G. Boucher,* and
*Barry S. Zitser,* for the appellees (named plaintiff
et al.).

*David Silverstone,* for the appellee (plaintiff
Office of Consumer Counsel).

PER CURIAM. This court has opened, on its own motion, its judgment of October 15, 1976, on the motion of the named defendants for a review of the order of the Court of Common Pleas dated May 25, 1976, terminating a stay of execution of the judgment of that court. We have done so to allow all parties to present their arguments. After considering the arguments, we affirm our decision of October 15, 1976, on the motion to review.

The issue before us was a narrow one: Did the trial court abuse its discretion in terminating the stay? On a motion by the defendants for reargument of their motion for a review, we held that the trial court did not abuse its discretion, and we pointed out that neither our decision nor that of the trial court contained any direction concerning the action the public utilities control authority (PUCA) is to take with regard to the 1974 rate application.[1] We stated: "The effect of terminating the stay of execution was to give immediate effect to the trial court's decision sustaining the appeal and holding the 1974 rate schedule invalid, thus pre-

---

[1] By the following decision, dated November 12, 1976, we denied the motion by the named defendants for reargument of their previous motion for a review of the order of the trial court dated May 25, 1976, terminating a stay of execution in the appeal from the Court of Common Pleas in Hartford County, which motion for a review was granted and the relief sought therein denied.

"PER CURIAM. The motion for reargument represents that the public utilities control authority (PUCA) is interpreting the trial court's decision to mean that the PUCA is under a court mandate to act promptly on the trial court's remand.

"Neither the trial court's remand nor its order terminating the stay of execution contains any direction concerning the action the PUCA is to take with regard to the 1974 application. The phrase 'for further proceedings in accordance with this opinion' merely summarizes the consequences of the trial court's decision sustaining the appeal, i.e., that, the appeal having been sustained, it is the duty of the administrative agency to proceed according to law. See *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 756, 345 A.2d

venting the named defendants from charging their customers under that invalidated schedule, pending a review of the trial court's decision." We did not then,[2] and do not now, indicate what rates should be charged. These matters are not properly before this court but, in the present posture of this case, are matters for the PUCA.

The merits of the decision of the Court of Common Pleas that the 1974 rates are illegal are not yet before this court. Until we have decided the appeal from that judgment, any inference that our rulings require refunds to users is unfounded and inappropriate.

---

9. That rescript contains no direction concerning when or how the PUCA is to hold its hearings. Indeed, a remand to the administrative agency with such a directive would be 'to impose the judicial will upon an administrative board' and would be invalid. See *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67; see also *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 37 A. 1080 (administrative functions cannot constitutionally be vested in the courts).

"Since the trial court's rescript did not purport to order the PUCA to hold hearings forthwith on the 1974 application, the termination of the stay under Practice Book § 661 did not have the effect of ordering such hearings. The effect of terminating the stay of execution was to give immediate effect to the trial court's decision sustaining the appeal and holding the 1974 rate schedule invalid, thus preventing the named defendants from charging their customers under that invalidated schedule, pending a review of the trial court's decision.

"The motion for reargument is denied."

[2] In the decision on the motion for reargument.