CITY OF HARTFORD *v.* HARTFORD ELECTRIC LIGHT
COMPANY

CONNECTICUT CITIZEN ACTION GROUP ET AL. *v.*
CONNECTICUT LIGHT AND POWER COMPANY ET AL.

HARTFORD CONSUMER ACTIVISTS ASSOCIATION ET AL. *v.*
HARTFORD ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* HARTFORD
ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* CONNECTICUT
LIGHT AND POWER COMPANY ET AL.

LOISELLE, LONGO, RUBINOW, NARUK and HAMILL, JS.

Argued December 10—decision released December 13, 1976

*Ralph C. Dixon* and *Palmer S. McGee,* for the appellants (named defendants).

*Robert S. Golden, Jr.,* assistant attorney general, for the appellee (defendant Public Utilities Control Authority).

*Alexander A. Goldfarb, Peter G. Boucher,* and *Barry S. Zitser,* for the appellees (named plaintiff et al.).

*David Silverstone,* for the appellee (plaintiff Office of Consumer Counsel).

PER CURIAM. Two of the appellants in these cases, the Hartford Electric Light Company and the Connecticut Light and Power Company, have moved this court for expedited appeals and for other relief.

Section 762 of the Practice Book states in part: "In the interest of expediting decision, or for other good cause shown, the supreme court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction."

The motion to expedite the appeals is granted. The following orders are therefore entered: The exhibits in the appeals shall not be printed in the record on appeal; if they have not already done so, the appellants shall designate the parts of the files to be included in that record, pursuant to § 612A of the Practice Book, by December 17, 1976; by December 27, 1976, the appellees shall designate any additional parts of the files they wish to have included in the record; the appellants shall file their briefs within twenty-one days after the record is distributed; the appellees shall file their briefs within twenty-one days after the appellants' briefs are filed. When the briefs of all parties have been filed, this court will assign the appeals for hearing.

These expedited appeals have been granted for two reasons. First, the cases are of great public importance, as they involve the rates properly

chargeable by the utilities to their numerous customers. Second, we have clearly stated in a prior opinion[1] that the rates to be charged by the utilities during the pendency of these appeals are a matter for the public utilities control authority (PUCA) to determine. Nevertheless, our opinions have been misinterpreted to an extent that members of the PUCA and officers of the utilities have been exposed to charges alleging contempt of court, arising from judgments that are on appeal and the validity of which have not yet been passed upon by this court.

It is well established that where a trial court has found that an administrative agency has made invalid or insufficient findings, such court must remand the matter to the agency for further proceedings. *Bogue* v. *Zoning Board of Appeals*, 165 Conn. 749, 345 A.2d 9; *Watson* v. *Howard*, 138 Conn. 464, 86 A.2d 67. It is not the trial court's function to shepherd and supervise the actions of the administrative agency in implementing the remand. The purpose of judicial review of an administrative order is not to have the court decide the matter de novo, but rather to have the court determine whether the agency's order is properly arrived at and is supported by the record and the evidence. Contempt proceedings are not a proper substitute for the orderly process of appeal from that determination.

The appellants have asked this court, in connection with the expedited appeal, to stay all proceedings relating to the 1974 rates in the trial courts and in the PUCA, and to order all parties to the appeals to file any motions in any way related to these proceedings only with this court.

[1] *Hartford* v. *Hartford Electric Light Co.*, 172 Conn. 13, 15, 372 A.2d 130.

These requests are denied. It is not necessary to decide now whether this court has the power to grant such extraordinary relief. It suffices that any error in those proceedings can be cured on appeal. It would be inappropriate for this court, or any other court, in this instance, to interfere with the orderly process of appeal.