RALPH ROTERMUND *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT
(3352)

HULL, BORDEN and DALY, Js.

Argued April 12—decision released May 28, 1985

*John A. Keyes,* for the appellant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (defendant).

DALY, J. This is an appeal from the decision of the Superior Court sustaining the actions of the appeals referee and the board of review of the employment security division of the department of labor. Those decisions determined that the plaintiff had been overpaid unemployment benefits amounting to $5096 because of his failure to disclose employment and earnings.

The record indicates that the plaintiff, during the period in question, accepted a position with J. C. Business Forms, Inc., in which he was to act as a salesman on a commission basis. The payment arrangement was that the employer would advance the plaintiff money weekly against future commissions. The plaintiff received advances of $576 a week in draw against future commissions. As of December 31, 1982, some $16,758.57 had been advanced over and above earned commissions. At the same time, the plaintiff collected biweekly unemployment benefits.

The plaintiff claims that he was not actually employed during the time in issue in that the advances received were loans and not income. The referee found that the evidence substantiated that during the period in question the plaintiff was fully employed as a commission salesman and, therefore, was not unemployed within the meaning of the Unemployment Compensation Act. The referee thus affirmed the administrator's determination that the plaintiff had been overpaid unemployment benefits. The board of review found that the referee's conclusion was legally consistent with its findings of fact and affirmed the referee's decision.

In appeals of this nature, the Superior Court does not try the matter de novo. "It is not its function to adjudicate questions of fact." *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101 (1977). "It is bound by the findings of subordinate facts and the reasonable conclusions of facts made by the appeals ref-

eree, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee. . . . The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Footnote and citations omitted.) *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 4–5, 434 A.2d 293 (1980).

The trial court upheld the board of review's decision that the plaintiff was fully employed as set forth in General Statutes § 31-222, and was thus not eligible for benefits as an unemployed individual under General Statutes § 31-235. We have reviewed the record in this matter and conclude that the trial court did not err.

There is no error.

In this opinion the other judges concurred.