[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is an appeal from the decision of a hearing officer (Attorney Mark Gutis) for the commissioner of motor vehicles suspending the plaintiff Helena Zadroga's motor vehicle operator's license for a period of ninety days for violation of Section 1 of Public Act 89-314. The issue before the hearing officer was whether the police officer had probable cause to arrest the plaintiff for driving under the influence of intoxicating liquors. The plaintiff raises several issues including whether the hearing officer erred in admitting certain evidence and whether the procedures required by the statute (P.A. 89-314) pass constitutional (federal and state) muster.
The hearing officer in his decision on the essential element of probable cause merely makes a conclusionary finding that the "police officer had probable cause to arrest the . . . operator for a violation specified in Section 1 of Public Act 89-314." This court is unable to decide the issues raised in this appeal without the necessary subordinate facts to support this conclusion. In order for this conclusion to stand, it must be supported by a finding. Almada v. Administrator, 137 Conn. 380,391 (1951). "It is well established that where a trial court has found that an administrative agency has made invalid or insufficient findings, such court must remand the matter to the agency for further proceedings." Hartford v. Hartford Electric Light Co., 172 Conn. 71, 73 (1976). "The general test imposed by the state courts as a basis for judging the adequacy of the findings of fact reflects the purposes underlying the requirement CT Page 3960 that there be such findings: viz., to apprise the parties of the reason for the decision, and to enable the reviewing court to determine whether the evidence supports the findings of basic fact and whether they in turn reasonably support the inferences of ultimate fact and the conclusions of law derived therefrom." F. Cooper, 2 State administrative Law, 472-73 (1965).
Accordingly, the matter is remanded to the hearing officer (Attorney Mark Gutis) for the purpose of making a finding of subordinate facts upon which he relied in concluding there was probable cause to arrest the plaintiff for a violation specified in Section 1 of Public Act 89-314 which finding should include, but not be limited to, the specific violation, and whether he relied upon the "Police Accident Report" and the "Case/Incident Report" in concluding that there was probable cause.
ROBERT I. BERDON, JUDGE.