[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 5954
Roselle Fishler and Joan Benedict (hereinafter the "claimants") were nurses associated with Hartford Dialysis (hereinafter "Hartford") and provided dialysis treatment at Hartford Hospital. After a dispute arose, concerning the treatment of aids patients, the claimants severed their relationship with Hartford and sought unemployment compensation benefits. Such benefits are paid through a special tax paid by employers. Hartford asserts that it was not the claimants' employer, but rather the claimants were independent contractors and that Hartford was a conduit for billing and payment purposes.
On October 1, 1986, the Administrator of the Unemployment Compensation Act (hereinafter the "Administrator") ruled that Hartford was an employer under General Statutes 31-222 et seq. Therefore, Hartford was liable for unemployment compensation contributions. The Administrator's decision was eventually upheld by the Board of Review on December 27, 1988.
On January 25, 1989, Hartford, pursuant to General Statutes 31-248(c) and 31-249b, appealed these decisions to the Superior Court of the Judicial District of Hartford-New Britain. On January 19, 1992, a decision was rendered, remanding this case to the referee for further findings of fact. (Corrected and clarified decision of Judge Walsh, February 6, 1992.)
On February 11, 1992, the Administrator filed a motion to reargue and reopen the judgment. On March 4, 1992, Hartford objected to this motion. On April 13, 1992, the Administrator filed a post argument memorandum.
The Administrator asserts that the judgment should be reopened and the appeal dismissed because the Administrator assessed Hartford's liability and did not award benefits. Also, the Administrator states that the motion should be granted because its arguments were not addressed in the court's decision. In opposing this motion, Hartford sets forth that the order to remand was within the court's power and should be left undisturbed. CT Page 5955
The Administrator's past argument memorandum suggests that this case involves a tax assessment, thereby making 31-270 and not 31-249b a proper vehicle for appeal. Administrator also asserts that the tax assessment issue was not clearly identified before the court until the date of oral argument on this motion. Finally, the Administrator's past argument memorandum contends that the parties in the tax assessment and eligibility cases will not be identical.
The relevant portion of Practice Book 326 states:
 [u]nless otherwise provided by law and expert in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed.
The language of General Statutes 52-212a is virtually identical to that of Practice book 326 Hirtle v. Hirtle, 217 Conn. 394, 398 n. 4, 586 A.2d 578 (1991); Sanchez v. Warden State Prison, 214 Conn. 23, 35 n. 11, 570 A.2d 673
(1990).
It has been stated that:
 [t]he principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book 326 vests discretion in the trial court to determine whether there is good and compelling reason for its modification or vacation.
Hirtle v. Hirtle, supra, 398 (emphasis added, footnote omitted).
The Administrator's motion is timely. Also, the motion need only be granted within the court's discretion and upon a showing of a `good compelling reason'.
The Administrator is also claiming that the plaintiff's use of 31-299b is improper and that the appeal should have been taken under 31-270. Issues not briefed are considered abandoned. State v. Siano, 216 Conn. 273, 281
CT Page 5956 n. 7, 579 A.2d 79 (1990); State v. Ramsundar, 204 Conn. 4, 16,526 A.2d 1311 (1987); DeMilo v. West Haven, 189 Conn. 671,681-82 n. 8, 458 A.2d 362 (1983); Hartford National Bank Trust v. Tucker, 178 Conn. 472, 475, 418 A.2d 906 (1979).
In the Administrator's original brief on this appeal, there was no objection to Hartford's use of31-249b. The Administrator has also acknowledged that this case involves issues concerning the employment relationship and benefits eligibility. (See Administrator's brief p. 12). Finally, on this motion, the Administrator is seeking relief under 31-249b. Therefore, there is no objection to the use of 31-249b before this court.
General Statutes 31-249b states in part:
 [t]he court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such purposes as the court may prescribe. The court also may order the board to remand the case to a referee for any further proceedings deemed necessary by the court.
(Emphasis added).
Even if, as the Administrator argues, there is no statutory authority to remand, "it is well established that where a trial court has found that an administrative agency has made invalid or insufficient findings, such court must remand the matter to the agency for further proceedings." (Emphasis added). Persico v. Maher, 191 Conn. 384, 410,465 A.2d 308 (1983); see also City of Hartford v. Hartford Electric Company, 172 Conn. 71, 73 372 A.2d 131 (1976); Boque v. Zoning Board of Appeals, 165 Conn. 749, 345 A.2d 9 (1974).
Remanding a case for further factual determination on the issue of termination is a proper order and preferable to making a decision unsupported by sufficient facts. Arco Technology, Inc. v. Administrator — Unemployment Compensation Act, 25 Conn. App. 130, 593 A.2d 154 (1991).
Remanding this case to the referee for further factual determination is within the power of the court. The Administrator has acknowledged that this case involves mixed questions of employment status and benefit eligibility. Also, the issue of tax assessment was articulated to the court before oral argument. Even if the parties in the assessment and eligibility actions are not identical, many of CT Page 5957 the issues will be.
The court need not have addressed all arguments in its decision because all issues have to be resolved by the referee before a final decision, sustaining or dismissing the appeal is rendered. For the sake of judicial economy and efficiency, all issues must be resolved before the court may issue a final substantive decision on the appeal. While it is recognized that the appeal was from a decision assessing liability and not awarding benefits, the Administrator has not shown `good or compelling reasons' to open, modify or vacate the corrected and clarified decision of February 6, 1992. Therefore, the Administrator has failed to meet the burden of proof and that ruling stands.
J. F. Walsh, J.