[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Kathleen M. Vecca, franchisee of a 7-Eleven Food Store located at 188 Davis Street in Oakville, Connecticut, of the decision of the defendant, the Administrator of Unemployment in an unemployment compensation claim against the plaintiff by a previous employee, the claimant, Katherine Schock.
Pursuant to General Statutes § 31-240, the claimant applied for unemployment compensation upon her termination from the plaintiff's employ on October 12, 1993. The examiner denied her application pursuant to its authority under General Statutes §31-241. The claimant appealed the denial pursuant to § 31-241. On appeal, the employment security referee acted pursuant to its authority under General Statutes § 31-242, and reversed the examiner's denial and awarded the claimant benefits. Pursuant to General Statutes § 31-249, the plaintiff appealed the referee's decision to the employment security board of review. Acting in accordance with its authority under § 31-249, the board of review affirmed the referee's decision. The plaintiff filed the present appeal to the superior court pursuant to General Statutes § 31-249b. The plaintiff claims that she did not receive adequate notice of the hearing on appeal, and, further, that she should not be liable to the claimant for unemployment benefits as the claimant left her job without a valid reason. A return of record ("ROR") was filed with the court on November 7, 1994. A hearing was held before the court on May 3, 1995.
The decision of the employment security board of review was mailed to the parties on September 7, 1994. Pursuant to § 31-249a, absent the filing of an appeal, the board of review's CT Page 8136 decision would have become final on October 8, 1994, thirty-one days after the mailing. The plaintiff filed a timely appeal on October 6, 1994.
A motion to dismiss the plaintiff's appeal and enter judgment in favor of the defendant was filed by the defendant on January 18, 1995. In addition, the defendant submitted a memorandum of law on that same date.
On May 3, 1995, the plaintiff filed a "written request to reopen the employment security appeals division board of review's decision . . . ." A hearing was held before the court on that same date regarding the present appeal.
The following facts are found in the record. The plaintiff is the franchisee of a 7-Eleven Food Store located in Oakville, Connecticut. She and her husband, Carl Vecca, purchased the franchise in January of 1993. The claimant was employed in the food store by the previous owners, and the plaintiff continued the claimant's employment after the ownership transfer. Over the next several months following the transfer of ownership, the claimant began to ask for a raise in order to compensate her for what she felt were increased work duties and responsibilities. The plaintiff refused those requests for financial reasons. During the same time period, the plaintiff noticed a change in the claimant's attitude toward her work duties. The claimant was spoken to about this attitude change more than once. In addition, the claimant was spoken to about taking too many cigarette breaks, as well as being spoken to one time about smoking in the food store, which the claimant was aware was not allowed.
On October 10, 1993, the plaintiff's husband spoke to the claimant once again about her attitude. The claimant informed the plaintiff's husband that she quit, and, in fact, left the store and did not return except to pickup her last paycheck and pay her food bill. The claimant applied for unemployment benefits on October 12, 1993.
A notice of the claimant's application was mailed to the plaintiff at the 7-Eleven headquarters in Smithtown, New York, on October 12, 1993. A hearing was held before an examiner on October 22, 1993. The plaintiff elected not to attend the hearing, but requested a copy of the report containing the claimant's statement to the examiner. The examiner denied the CT Page 8137 claimant's application on November 10, 1993. The examiner stated, "claimant quit her position for reasons which did not render the job unsuitable; resented employer's criticism of her work performance." The claimant appealed the examiner's decision on November 10, 1993; on the grounds that she believed she did not get a fair chance to be heard, and that the employer was not truthful.
Notice of the appeal was mailed to the parties on November 18, 1993. The plaintiff's notice was once again mailed to the New York address. The notice informed the parties that a hearing was scheduled before the referee on November 24, 1993. The referee reversed the examiner's denial of benefits to the claimant, and sustained the claimant's appeal. The referee's grounds for reversal were stated as follows:
 The reductions in the claimant's hours from over 30 hours per week to 20 to 22 hours per week is a 33 percent reduction in scheduled working hours. Accordingly, the Referee must find that the reduction was substantial and in fact afforded the claimant good cause to voluntarily separate from her position.
The referee's decision was mailed on December 10, 1993. Once again, the plaintiff's notice of the decision was mailed to the New York address. The plaintiff filed an appeal of the decision of the referee on December 29, 1993, on the grounds that the claimant voluntarily terminated her position with the plaintiff, and that the reduction in the claimant's hours were agreeable to the claimant. In addition, the plaintiff alerted the defendant in her appeal that she had not attended the referee's hearing due to the fact that she had not received notice of the hearing until after the hearing date, in that the notice was sent to New York and then forwarded to her in Oakville, Connecticut. The plaintiff additionally requested that all future correspondence be sent to her Connecticut address.
Notice of the appeal hearing before the review board was mailed on January 4, 1994. Again the plaintiff's notice was sent to the New York address. Both the plaintiff and the claimant submitted timely written arguments to the board of review. The review board ruled that the plaintiff's nonappearance before the referee was significant to the referee's decision. In not appearing, the plaintiff was CT Page 8138
 deemed to have consented to a determination of the appeal by the referee solely on the basis of the documentary evidence in the record and the credible testimony and evidence introduced at the hearing by the appellee, and to have waived the right to object to findings of fact made on the basis of such testimony and evidence.
Although the plaintiff did object to facts found by the referee; her objections were not considered due to the waiver and consent attached to her nonappearance.
The decision of the board of review was mailed to the parties on September 7, 1994. The plaintiff's copy was mailed to her Connecticut address. On October 6, 1994, the plaintiff filed the present appeal to the superior court. The reasons for the appeal are stated as the plaintiff's belief that she "should not pay unemployment to Mrs. Schock, due to the fact that [Mrs. Schock] walked off on the job with no valid reason," and, additionally that, "if [the plaintiff] had the appeal correspondence on time, the ruling would continue in [the plaintiff's] favor."
The defendant has moved to dismiss the present appeal and enter judgment in favor of the defendant. The defendant additionally filed a memorandum of law in support of its motion. The grounds for the motion are that the board of review's decision follows reasonably from the facts found, and is not arbitrary, unreasonable or contrary to law, and, therefore, should be affirmed.
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted her remedies before the board. General Statutes §§ 31-248 (c) and 31-249a(c). The court finds that the plaintiff has been aggrieved by the decision of the board, and, further, that the plaintiff has exhausted her remedies.
Appeals within the unemployment compensation system must be taken in a timely fashion or they are to be dismissed. Gumbs v.Administrator, 9 Conn. App. 131, 133, 517 A.2d 257 (1986). The decision of the board shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to an aggrieved party, absent a timely filed appeal or CT Page 8139 motion to reopen, vacate, set aside or modify. General Statutes31-249a. The decision of the board was mailed to the plaintiff on September 7, 1994. The plaintiff filed the present appeal on October 6, 1994, which the court finds to be timely filed.
"To the extent that an administrative appeal, pursuant to31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review." United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988). The court must not retry the facts nor hear evidence. Id. "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." Id.
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 439 A.2d 1008
(1981).
Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. DaSilva v. Administrator,175 Conn. 562, 564, 402 A.2d 755 (1978).
The court may remand the case to the board for further proceedings de novo, or further proceedings on the record, or for such limited purposes as the court may prescribe. General Statutes § 31-249b; see also Arco Technology, Inc. v. Administrator,25 Conn. App. 130, 136, 593 A.2d 154 (1991). The court may also order the board to remand the case to a referee. General Statutes § 31-249b. Remanding the matter to the administrative agency for further proceedings where more than one conclusion could be drawn by the agency is proper. Fabriziv. Administrator, 12 Conn. App. 207, 211-12, 530 A.2d 203
(1987).
The plaintiff sets forth two arguments for this appeal. First, she argues that her notice was inadequate as it was sent to New York rather than Connecticut. Second, she argues that CT Page 8140 she should not be required to pay unemployment compensation benefits to the claimant, as the claimant walked off of the job without a valid reason.
As to the plaintiff's position that her notice of the hearing before the referee was inadequate, the plaintiff is correct. General Statutes § 31-242 states in part,
 [u]nless such appeal is withdrawn, a referee shall promptly hear the claim, de novo, and render a decision thereon. Unless he [or she] has waived the notice or agreed to a shorter period of time, notice by mail or otherwise, of the time and place of such hearing shall be given each interested party not less than five days prior to the date appointed therefor. . . .
This issue is one of statutory construction regarding the phrase "notice . . .shall be given . . .not less than five days prior to the date [of the hearing]" contained in § 31-242. The notice was mailed to the plaintiff to the New York address on November 18, 1993. The hearing was scheduled for November 24, 1993, six days after the notice was mailed. Our Supreme Court was required to construe similar language contained in General Statutes § 1481, part of the former highway defect statute, in Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235,56 A.2d 519 (1947). General Statutes § 1481 instructed that notice under that statute "shall have been given within sixty days thereafter to the highway commissioner." Id., 237. The Court stated,
 [s]ince March 27, 1944, was the date of the accident, the final day for so giving notice in this case was May 26, 1944. The specific question for decision therefore is whether the sending of a notice to the defendant on May 26, 1944, which he did not receive until May 27, 1944, satisfied the requirement of the statute.
 One meaning of the verb "give is "to make over or bestow." Another is "to deliver or transfer; to. . . hand over." The idea of delivery is predominant in other meanings of the word. Webster's New International Dictionary (2d Ed.). It is obvious from the context of the statute that "give" was not used in the CT Page 8141 former sense. To accord it the latter meaning is the reasonable and natural interpretation in view of the purpose of the provision, which, it must be held, is to fix a definite limit upon the time within which notice shall be received by the highway commissioner. Any other construction would give rise to needless and undesirable uncertainty. Under #1420 of the General Statutes, imposing like liability upon municipalities for defects in highways which they are bound to maintain, the clause "notice. . . shall. . . be given" requires a completed act within the number of days prescribed by the statute. Lamberti v. Stamford,
[131 Conn. 396, 40 A.2d 190 (1944)].
An instruction that notice of the hearing "shall be given . . .not less than five days" prior to the hearing date requires a completed act, i.e., receipt by the party, not less than five days prior to that date. Even assuming that the New York address was the proper place to send notice to the plaintiff in this case, there is no indication from the defendant or otherwise that the notice was received in New York on the day after it was placed in the mail. Correspondence placed in regular mail being sent out of state will take at least two days. See Maynard Company, Inc. v. Stanadyne, Inc.,
Superior Court, JD of Hartford-New Britain at Hartford, DN. 357219 (March 19, 1991) (O'Neill, J.) (the court allows two days for mail delivery.) Therefore, the court finds that the notice was not received by the plaintiff "not less than five days" before the hearing as required under General Statute § 31-242.
Accordingly, the plaintiff's appeal is sustained, and the matter is remanded to a referee for a new hearing in accordance with the court's authority under § 31-249b. The plaintiff and the claimant should be allowed to present their evidence as to why each believes the referee should uphold their respective positions at the new hearing. Further, the only evidence to be considered by the referee is the examiner's original decision, as well as the arguments of the parties, and that the referee's prior decision and the decision of the board of review should not in any way enter into the consideration of the referee. CT Page 8142