[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 31-249b, the plaintiff, Jack Kurtz, is appealing a decision of the defendant, the Administrator of The Unemployment Compensation Act, affirming the decision of the appeals referee, which denied the plaintiff's petition for unemployment benefits.
From May 1981, to May 1991, the plaintiff worked as a supervisor of housekeeping at St. Mary's Hospital in Waterbury. On May 31, 1991, the plaintiff claims he took advantage of an early retirement package offered by the employer because he feared the loss of his job due to the financial problems of the employer.
Pursuant to General Statutes § 31-240, the plaintiff applied for unemployment compensation on October 16, 1991. The examiner granted his application in a decision dated October 31, 1991, using authority granted to him by General Statutes §31-241. On November 13, 1991, the employer appealed the examiner's decision pursuant to General Statutes § 31-241. After a hearing before the appeals referee on April 15, 1992, the referee, acting pursuant to his authority under General Statutes §31-242, affirmed the examiner's decision. Pursuant to General CT Page 10560 Statutes § 31 249, the employer appealed the referee's decision to the Employment Security Board of Review on June 9, 1992. The Board of Review, in accordance with its authority under General Statutes § 31-249, reversed the referee's decision, sustaining the employer's appeal. On December 16, 1994, the plaintiff filed the present appeal to the Superior Court pursuant to General Statutes § 31-249b.
The plaintiff alleges that the evidence before the Board of Review does not support the board's finding that St. Mary's had no plans to lay off the defendant if he did not accept the early retirement plan. Additionally, the plaintiff contends that St. Mary's Hospital has eliminated a number of positions in the past year, and that the board's decision was unreasonable, arbitrary, illegal, or an abuse of discretion.
The decision of the Employment Security Board of Review was mailed to the parties on December 20, 1994. Pursuant to31-249a, absent the filing of an appeal, the board of review's decision would have become final on December 22, 1994, thirty-one days after the mailing. The plaintiff appealed in a timely manner on December 16, 1994.
The plaintiff filed a motion to reopen the decision of the Employment Security Board of Review on December 19, 1994. The motion was denied by the Board of Review on January 18, 1995.
On January 26, 1994, the defendant filed a motion for judgment dismissing the plaintiff's appeal. In addition, the defendant submitted a memorandum of law on that same date. On April 20, 1995, the plaintiff filed an objection to the motion for judgment. The plaintiff also filed a memorandum of law in support of his objection to the motion for judgment on that same date. (# 103.)
The following facts are found in the record. The plaintiff worked for St. Mary's Hospital in Waterbury from May, 1981 until May, 1991. In 1991, the plaintiff accepted a voluntary retirement package from his employer. The plaintiff claimed that he accepted the retirement package, because he was concerned that he would have been laid off had he not accepted the package. The record reflects that, in order to tighten its budget, the employer had recently implemented a number of cost-saving measures. The plaintiff was qualified to perform few other jobs at the employer's hospital. CT Page 10561
The employer contends that plaintiff was a supervisor, knew the cutbacks were optional, and that he could not have reasonably believed his job was in jeopardy. Additionally, the employer contends that the plaintiff had considerable seniority throughout the hospital staff. The employer's policy manual provided protection from layoffs for more senior employees.
After the plaintiff expressed interest to his supervisor about entering the early retirement program, the director of the Housekeeping Department of St. Mary's Hospital encouraged the plaintiff to reconsider his decision, as he was still fairly young in age. The employer did not lay off any employees.
The Administrator granted the plaintiff's application for unemployment benefits. The employer appealed this decision to the appeals referee, who affirmed the administrator's decision. The referee, taking into account the financial difficulties of the hospital, that a freeze was in effect, and that the hospital implicitly intended to cut its work force, as well as the fact that the plaintiff was not qualified for many other jobs in the hospital, found that "the claimant reasonably believed his employment would be severed if he rejected the employer's inducement to retire."
From that decision, St. Mary's appealed to the Board of Review. The Board of Review reversed the opinion of the appeals referee. The Board found that the plaintiff left work voluntarily and without sufficient job-connected cause, and therefore is not eligible to receive unemployment benefits.
In making its decision, the board found that the appeals referee failed to consider the evidence in the record that demonstrated that the plaintiff left work voluntarily. The board noted that the employer never announced a target number of individuals it hoped would accept the early retirement package, nor did the employer indicate an intent to implement layoffs if enough workers did not retire early. Additionally, the board noted that the employer's written employment policy protected employees with seniority, such as the plaintiff, from being laid off. Finally, the board gave substantial weight to the testimony of the Director of the Housekeeping Department that she asked the plaintiff to reconsider his decision to retire early. The board concluded that the plaintiff's services were highly valuable to the employer, that the plaintiff could not have had CT Page 10562 a reasonable belief of being laid off, and that he left suitable work voluntarily and without sufficient cause to believe he would be laid off.
On December 16, 1994, the plaintiff filed the appeal that is presently before the court. The plaintiff alleges that there was insufficient probative evidence that St. Mary's Hospital had no plans to lay off the defendant if he did not accept the early retirement plan, that St. Mary's has eliminated a number of positions in the past year, and that the board's decision was unreasonable, arbitrary, illegal, or an abuse of discretion.
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board. General Statutes §§ 31-248(c) and 31-249a(c). A party is aggrieved when it is "affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision." Smith v. Planning and Zoning Board of Milford,203 Conn. 317, 321, 524 A.2d 1128 (1987). The plaintiff's pecuniary interest has been affected by the Board of Review's decision, and therefore the plaintiff has been aggrieved. Additionally, the plaintiff has completely exhausted his administrative remedies.
Unemployment compensation appeals must be filed in a timely manner or they are to be dismissed. Gumbs v. Administrator,9 Conn. App. 131, 133, 517 A.2d 257 (1986). Absent an appeal from an aggrieved party, or a timely motion to reopen, vacate, set aside or modify a decision of the board, such decision of the board shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party. General Statutes § 31-249a. Notice of the Board of Review's decision was sent out on November 22, 1994. The plaintiff brought his appeal to the Superior Court on December 16, 1994. Therefore this appeal was filed in a timely manner and this court has jurisdiction to consider the appeal.
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically CT Page 10563 have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . ." (Citations omitted.) United ParcelService Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" UnitedParcel Service Inc. v. Administrator, supra, 209 Conn. 386, quoting Burnham v. Administrator, 184 Conn. 317, 321,439 A.2d 1008 (1981).
Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. United Parcel Service Inc. v.Administrator, supra, 209 Conn. 387.
The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. General Statutes § 31-249b. The court may also order the board to remand the case to a referee for any further procedings [proceedings] deemed necessary by the court. General Statutes § 31-249b. Remanding the matter to the administrative agency for further proceedings where more than one conclusion could be drawn by the agency is proper.Fabrizi v. Administrator, 12 Conn. App. 207, 211-12,530 A.2d 203 (1987).
In his memorandum in opposition to the motion for judgment, the plaintiff argues that the board acted arbitrarily or capriciously in reversing the referee's decision. The plaintiff argues that he had a reasonable belief that he would be terminated had he not accepted the early retirement plan, and that his decision to retire early was not voluntary. Additionally, he contends that no supervisor or employee at St. Mary's Hospital ever tried to talk him out of early retirement. The plaintiff argues that his own testimony, that he did not leave his employment voluntary, was not contradicted by any evidence. For these reasons, the plaintiff argues that the Board of Review's decision should be reversed. CT Page 10564
The defendant contends that the Board of Review acted properly in reversing the appeals referee's decision. The defendant claims that this court must only ask whether the Board of Review acted rationally in coming to its decision. The defendant argues that the board properly determined from the evidence on the record that the plaintiff left his job voluntarily and, therefore, is not entitled to unemployment benefits. The defendant argues that this decision was made rationally and the board of review's decision should be affirmed.
This court should affirm the Board of Review's decision unless it finds that the board acted arbitrarily, unreasonably, illegally, or that it abused its discretion. Rotermund v.Administrator, 4 Conn. App. 183, 185, 493 A.2d 263 (1985). In the present case, the Board of Review found that the plaintiff left his employment voluntarily. The board based its decision substantially on the testimony of the Director of the Housekeeping Department of St. Mary's Hospital that she asked the plaintiff to reconsider his decision to retire early. Additionally, the record includes evidence that the plaintiff had seniority and that his employee handbook included provisions that protected employees with seniority from layoffs. The board's evidentiary finding that the plaintiff is ineligible for benefits is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). The Board of Review's decision was supported by facts, and the said Board of Review did not act arbitrarily or unreasonably. Accordingly, this court dismisses the plaintiff's appeal.
WILLIAM J. SULLIVAN, J.