[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 31-249b, the plaintiff, Sharon Schwarz-Meringer, appeals a decision of the defendant, the Administrator of the Unemployment Compensation Act, affirming the decision of the appeals referee, who denied the plaintiff's petition for unemployment benefits.
The plaintiff is a former employee of the Town of Seymour, where she had worked as an executive secretary for five years from 1988-1993. The plaintiff was discharged from her position on November 12, 1993, because she was suffering from carpal tunnel syndrome on both hands, and unable to physically perform her duties.
The plaintiff applied for unemployment benefits on November 26, 1993. The examiner granted her application on December 9, 1993, under authority granted by General Statutes § 31-241. On December 22, 1993, the employer appealed the examiner's decision, pursuant to General Statutes § 31-241. After a hearing before the appeals referee, the referee, acting pursuant to General Statutes § 31-242, reversed the examiner's decision. Pursuant to General Statutes § 31-249, the plaintiff appealed the referee's decision to the Employment Security Board of Review on February 22, 1994. The board of review, in accordance with its authority under General Statutes § 31-249, affirmed the referee's decision.
Pursuant to General Statutes § 31-249b, the plaintiff filed the present appeal to the Superior Court on July 12, 1994. The plaintiff's main contentions are that the board of review was mistaken in finding that the plaintiff applied for only twelve positions, and that she applied for many more than three employers a week. Additionally, the plaintiff alleges that the reason she did not personally go to employers to apply for work CT Page 10195 was that it was customary in her field to send a resume to an employer rather than applying for a job in person. A return of record (ROR) was filed with the court on December 20, 1994. A hearing was held before the Court, Sullivan, J., on June 28, 1995.
The decision of the Employment Security Board of Review was mailed to parties on April 8, 1994. Pursuant to General Statutes § 31-249a, absent the filing of an appeal or a motion concerning the board's decision, the board of review's decision would have become final on May 9, 1994, thirty-one days after the mailing. The plaintiff filed a timely motion to reopen the board of review's decision of April 8, 1994. On June 10, 1994, the plaintiff's motion to reopen was denied. Pursuant to General Statutes § 31-249a, absent the filing of an appeal, the board of review's decision would have become final on July 11, 1994, thirty-one days after the mailing of the decision on the motion to reopen. Pursuant to General Statutes § 31-249a, the plaintiff filed her appeal to the Superior Court on July 12, 1994.
A motion for judgment dismissing the plaintiff's appeal was filed by the defendant on February 27, 1995. In addition, the defendant submitted a memorandum of law on that same date. The following facts are found in the record. The plaintiff had been employed as a secretary for the town of Seymour for five years, before being discharged from her position on November 12, 1993. The plaintiff was discharged from her position because she suffers from carpal tunnel syndrome on both hands, and was no longer physically able to perform her duties.
The plaintiff underwent an operation to correct the carpal tunnel syndrome, and was advised by her physician that she could no longer perform the typing and filing duties required by her job. Her employer was forced to discharge her so they could find someone physically able to perform her duties.
While searching for employment, the plaintiff mainly has responded to want ads in the newspaper, and has not compiled a specific weekly list of her job contacts during the weeks she filed for unemployment benefits.
The plaintiff filed for unemployment benefits on November 26, 1993, and in a December 7, 1993 decision, the examiner found her eligible to receive benefits. Subsequently, on December 9, CT Page 10196 1993, the employer appealed the examiner's decision and had a hearing before the appeals referee, who reversed the decision and denied the plaintiff unemployment benefits in a decision on February 3, 1994. The referee found that "[i]t is generally required that a claimant make personal contact with prospective employers in order to satisfy the reasonable efforts requirement of the unemployment compensation law." Additionally, the referee found that searching by means of telephone calls, or letter inquiries does not generally constitute reasonable efforts.
On February 24, 1994, the plaintiff appealed the referee's decision to the board of review which appeal was dated February 24, 1994. On April 8, 1994, the board of review issued its decision affirming the referee's decision. In its decision, the board of review affirmed the referee's decision that the plaintiff "failed to make reasonable job-seeking efforts on a weekly basis. The claimant has also failed to establish that she can perform work in her customary field." Therefore, the board found that the plaintiff had not met the requirements of General Statutes § 31-235(a)(2)[1], and was not eligible to receive unemployment compensation.
The plaintiff filed this appeal with the Superior Court on July 12, 1994. The plaintiff sets forth three reasons for her appeal. First, she alleges that the board of review erred in finding that she had only sent resumes to 12 prospective employers, that she had actually sent resumes to 18 employers. Second, the plaintiff argues that she contacted many more than three employers per week by telephone, because that is the customary method of applying for employment in her field. Finally, the plaintiff notes that section 17 of "A Claimant's Guide to Unemployment Benefits in Connecticut", a book provided by the unemployment compensation bureau, states that: "for certain types of employment, application by resume is customary and appropriate."
On February 27, 1995, the defendant moved for judgment pursuant to Practice Book § 511B and General Statutes § 31-249b. The defendant submitted a memorandum in support of its motion on that same date.
Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board. General Statutes §§ 31-248(c) and 31-249a(c). A party is CT Page 10197 aggrieved when it is "affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision." Smith v. Planning and Zoning Board of Milford,203 Conn. 317, 321, 524 A.2d 1128 (1987). The plaintiff's pecuniary interest has been affected by the board of review's decision, and therefore, the plaintiff has been aggrieved. Additionally, the plaintiff has completely exhausted her administrative remedies.
Unemployment compensation appeals must be filed in a timely manner or they are to be dismissed. Gumbs v. Administrator,9 Conn. App. 131, 133, 517 A.2d 257 (1986). Absent an appeal from an aggrieved party, or a timely motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party. General Statutes § 31-249a. The decision of the Employment Security Board of Review was mailed to parties on April 8, 1994. Pursuant to General Statutes § 31-249a, absent the filing of an appeal or a motion concerning the board's decision, the board of review's decision would have become final on May 9, 1994, thirty-one days after the mailing.
The plaintiff filed a timely motion to reopen the board of review's decision on April 8, 1994. On June 10, 1994, the plaintiff's motion to reopen was denied. Pursuant to General Statutes § 31-249a, absent the filing of an appeal, the board of review's decision would have become final on July 11, 1994, thirty-one days after the mailing of the decision on the motion to reopen. Pursuant to General Statutes § 31-249a, the plaintiff brought her appeal to the Superior Court on July 12, 1994.
While the appeal reached the court a day late, General Statutes § 31-249a only requires that an appeal be postmarked within the applicable time period. The record does not include the envelope containing the postmark, on the day the letter was sent.[2] However, the employment security appeals division of the Connecticut department of labor acknowledged that the appeal should be certified as a timely appeal. Additionally, the Attorney General's office did not challenge the appeal on the ground that it was untimely. Therefore, this court finds that the appeal was filed in a timely fashion, and that this court has jurisdiction to hear this appeal. CT Page 10198
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion . . . ." (Citations omitted.) UnitedParcel Service Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" UnitedParcel Service Inc. v. Administrator, supra, 209 Conn. 386, quoting Burnham v. Administrator, 184 Conn. 317, 321,439 A.2d 1008 (1981).
Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. United Parcel Service Inc. v.Administrator, supra, 209 Conn. 387.
The court may remand the case to the board for further proceedings de novo, or further proceedings on the record, or for such limited purposes as the court may prescribe. General Statutes § 31-249b. The court may also order the board to remand the case to a referee. General Statutes § 31-249b. Remanding the matter to the administrative agency for further proceedings where more than one conclusion could be drawn by the agency is proper. Fabrizi v. Administrator, 12 Conn. App. 207,211-12, 530 A.2d 203 (1987).
The basis for the plaintiff's appeal is that the board of review made an incorrect factual finding that the plaintiff did not make proper efforts to find employment on a week to week basis. The plaintiff alleges that a list of employers, to whom she had sent resumes, had eighteen names on it, not twelve as CT Page 10199 the board of review found. Additionally, the plaintiff alleges that she sent numerous other resumes to employers, as this was the custom in her profession, rather than going in person to the place of employment to apply for a position.
In its memorandum of law in support of its motion for judgment, the defendant argues that the plaintiff is seeking to have the court substitute its findings for those of the board of review, which the defendant argues the court is not empowered to do. Additionally, the defendant argues that the board of review's decision was reasonable in light of the facts before it, and that the appeal should be dismissed.
The plaintiff, in her appeal to the court, asserts as her grounds for appeal that "I disagree with their findings and feel they misunderstood some of the information I provided." However, where "the board of review adopts the findings and affirms the decision of the appeals referee, the court is bound by the referee's findings of subordinate facts and reasonable conclusions drawn therefrom." Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). The trial court's role in this administrative appeal is to determine "whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." Id.
The board of review affirmed the referee's finding that the plaintiff did not make reasonable efforts to contact prospective employers. The referee had found that the plaintiff did not make sufficient personal contact with employers, and found that searching by means of telephone calls, or letter inquiries does not generally constitute reasonable efforts by the plaintiff. Additionally, the board of review concurred with the referee's finding that the plaintiff "has also failed to establish that she can perform work in her customary field."
The referee's decision was based on information provided by the plaintiff. The referee's conclusions were that the plaintiff's efforts to find employment "meet neither the quantitative or qualitative requirements demanded by the Administrator." After hearing substantially the same arguments as the plaintiff brought to the superior court, the board of review affirmed the referee's decision. Even if the plaintiff had sent resumes to eighteen employers in eight weeks as she claims, she would still have made insufficient efforts to qualify for unemployment benefits.[3] However, the board of review failed to consider the CT Page 10200 plaintiff's argument that the booklet handed out by the employment bureau, "A claimant's guide to Unemployment Benefits in Connecticut," states that sending resumes through the mail is proper in certain circumstances. Since the plaintiff alleges that that is exactly what she did, the court remands the case back to the board of review for further hearings and findings on this point.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.